# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| LS CLOUD STORAGE TECHNOLOGIES, LLC, <br>     Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC, <br> AMAZON WEB SERVICES, INC., <br> and AMAZON.COM SERVICES, INC. <br>     Defendants. | Civil Action No. 6:22-cv-00316 <br><br><br><br><br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff LS Cloud Storage Technologies, LLC ("LS Cloud") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of US Patent Nos. 10,154,092 ("the '092 patent") and 6,549,988 ("the '988 patent") (collectively referred to as the "Patents-in-Suit") by Amazon.com, Inc.; Amazon Web Services, Inc.; and Amazon.com Services, Inc. (collectively, "Defendants" or "Amazon").

**I.     THE PARTIES**

1.  LS Cloud Storage Technologies, LLC is a Texas limited liability corporation with its principal place of business located in Waco, Texas.

2.  On information and belief, Defendant Amazon.com, Inc. ("AI") is a corporation existing under the laws of the Delaware with a principal address of 410 Terry Avenue North, Seattle, Washington, 98109, and has a regular and established place of business located at 11501 Alterra Pkwy Austin, Texas 78758. On information and belief, Defendant Amazon Web Services, Inc. ("AWSI") is a Delaware corporation with a principal address of 410 Terry Avenue North, Seattle,

1

Washington, 98109, and is a subsidiary of Amazon.com, Inc. On information and belief, Defendant Amazon.com Services, Inc. ("ASI") is a Delaware corporation with a principal address of 410 Terry Avenue North, Seattle, Washington, 98109, and is a subsidiary of Amazon.com, Inc.

3. On information and belief, Defendants sold and offered to sell products and services throughout Texas, including in this judicial district, and introduced products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Each Defendant is registered to do business in Texas and each may be served via its registered agent at Corporation Services Company, located at 211 E. 7th Street, Suite 620 Austin, TX 78701, at its regular place of business, or anywhere that it may be found.

## II. JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendants because: (i) Defendants are present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendants have purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendants have committed acts of infringement and has a regular and established place of business in this District.

Further, venue is proper because Defendants conduct substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III.   INFRINGEMENT

**A. Infringement of the '092 Patent**

7. On December 11, 2018, U.S. Patent No. 10,154,092 ("the '092 patent", included as an attachment) entitled "Data Sharing Using Distributed Cache In A Network Of Heterogeneous Computers" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '092 patent by assignment.

8. The '092 patent relates to novel and improved methods, systems and apparatuses for computer network using cached data storage.

9. Defendants have maintained, operated, and administered data storage products and services that infringed one or more of claims 1-24 of the '092 patent, literally or under the doctrine of equivalents. Defendants put the inventions claimed by the '092 patent into service (i.e., used them); but for Defendants' actions, the claimed-inventions embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the following exemplary table included as Exhibit A. These allegations of infringement are preliminary and are therefore subject to change.[1]

11. Defendants have caused Plaintiff damage by direct infringement of the claims of the '092 patent.

**B. Infringement of the '988 Patent**

12. On April 15, 2003, U.S. Patent No. 6,549,988 ("the '988 patent", included as an attachment) entitled "Data Storage System Comprising A Network Of PCs And Method Using Same" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '988 patent by assignment.

13. The '988 patent relates to novel and improved systems and methods for computer network using cached data storage.

14. Defendant maintains, operates, and administers data storage products and services that infringe one or more of claims 1-6 of the '988 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '988 patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

---

[1] Plaintiff reserves the right to amend to assert claims for indirect and willful infringement if discovery reveals an earlier date of Defendants' knowledge of the patents.

15. Support for the allegations of infringement may be found in the following exemplary table included as Exhibit B.  These allegations of infringement are preliminary and are therefore subject to change.[2]

16. Defendant has caused Plaintiff damage by direct infringement of the claims of the '988 patent.

### IV.  JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.  enter judgment that Defendant has infringed the claims of the '092 and '988 patents;

b.  award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d.  award Plaintiff such other and further relief as this Court deems just and proper.

DATED: March 25, 2022                     Respectfully submitted,

**Ramey LLP**

---

[2] Plaintiff reserves the right to amend to assert claims for indirect and willful infringement if discovery reveals an earlier date of Defendants' knowledge of the patents.

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for LS Cloud Storage Technologies, LLC***