UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LS CLOUD STORAGE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND AMAZON.COM SERVICES, LLC, <br><br> Defendants. | Case No. . 6:22-cv-00316-ADA-DTG <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
 UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## I.   INTRODUCTION

Plaintiff LS Cloud Storage Technologies, LLC ("LS Cloud") filed its Original Complaint[1] seeking relief from infringement of claims of its U.S. Patent Nos.: 10,154,092 ("the '092 Patent")[2] and 6,549,988 ("the '988 patent")[3] (collectively referred to as the "Patents-in-Suit") by Amazon.com, Inc., Amazon Web Services, Inc., and Amazon.com Services, LLC (collectively, "Defendants" or "Amazon"). Amazon filed a Motion to Dismiss ("Motion")[4] to dismiss the Complaint for allegedly failing to plead a plausible claim of patent infringement. Amazon's Motion should be denied.

## II.   RELEVANT FACTUAL BACKGROUND

Plaintiff sued Amazon for infringement Plaintiff sued Amazon for infringement of the '988 and '092 Patents on March 25, 2022.[5] The '092 Patent is directed to a novel and improved methods, systems and apparatuses for computer network using cached data storage. The '988 Patent is directed to novel and improved systems and methods for computer network using cached data storage.

As shown in the claim charts[6] attached to the Complaint,[7] including claim 1 of the '092 Patent and claim 13 of the '988 patent, Amazon infringes claims of the '092 and '988 patents. However, updated claim charts are attached as Exhibits 1 and 2 that even further explain how the claims are being infringed. The updated claim charts in Exhibits 1 and 2 are based on the same

---

[1] Doc. No. 1.
[2] Doc. No. 1-3.
[3] Doc. No. 1-4.
[4] Doc. No. 10.
[5] Doc. No. 1.
[6] Doc. Nos. 1-1 and 1-2.
[7] Doc. No. 1.

information provided in the Original Complaint and even more clearly show that infringement is plausible. The Defendant's Motion should be denied.

### III.  LEGAL STANDARD

The Federal Rules for Civil Procedure state that a complaint for patent infringement must provide notice to the accused infringer, including "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] As further explained by the Federal Circuit in *Disc Disease Sols. Inc. v. VGH Sols., Inc.,*[9] a plaintiff must only give the alleged infringer fair notice of infringement. Further, the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met. As the Federal Circuit made clear a few years ago in *Nalco Co. v. Chem-Mod, LLC*[10], a plaintiff "need not 'prove its case at the pleading stage.'"

The Federal Rules for Civil Procedure Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[11] Accepting the facts in a complaint as true, to survive a Rule 12(b)(6) motion to dismiss, the complaint must make a facially plausible—not probable—claim for relief.[12] There is no distinct test for whether a complaint makes a plausible claim for relief; it is instead "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] To satisfy its burden at the pleading stage under Federal Rule of Civil

---

[8] Fed. R. Civ. P. 8(a).
[9] 888 F.3d 1256, 1260 (Fed. Cir. 2017).
[10] No. 17-1036 (Fed. Cir. 2018).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[12] *Iqbal*, 556 U.S. at 678.
[13] *Id.* at 679.

Procedure 8 and the U.S. Supreme Court decisions in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*, a patent infringement plaintiff must set forth facts supporting at least a reasonable inference that the defendant performs each and every limitation of a valid claim.[14] Addressing the issue of pleading requirements for patent infringement cases, the US Court of Appeals for the Federal Circuit clarified that patentees need not prove their case at the pleading stage on an element-by-element basis. *Bot M8 LLC v. Sony Corp. of Am.*, Case No. 20-2218 (Fed. Cir. July 13, 2021) (O'Malley, J.)

Apart from the factual allegations of the Complaint, which are construed in the light most favorable to Plaintiffs, the Court also properly considers the attachments to the pleading. See *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) ("[E]xhibits [to the complaint] are part of the pleading 'for all purposes[,]'" including a Rule 12(b)(6) motion. (alterations added) (quoting Fed. R. Civ. P. 10(c); then citing *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985))).

IV.   ARGUMENT

  A.   The '092 Patent

The '092 Patent is directed to a novel and improved methods, systems and apparatuses for computer network using cached data storage.

Defendants maintained, operated, and administered data storage products and services that infringe one or more of claims 1-24 of the '092 Patent, literally or under the doctrine of equivalents. Plaintiff provided a claim chart showing each feature of exemplary claim 13 being

---

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Artrip v. Ball Corp.*, 735 F. App'x 708, 714 (Fed. Cir. 2018), cert. denied, 139 S. Ct. 1177 (2019); *Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019).

used by Defendants.[15]

Defendant alleges that Plaintiff has not stated a plausible claim for relief because (1) who or what performs the claimed steps is allegedly obfuscated by the inclusion of multiple systems in Plaintiff's claim charts and is thus unclear, (2) Plaintiff's claim chart is allegedly contradictory because two different structures are claimed as the same "dedicated I/O channel" in different parts of the claim and the claimed I/O channel cannot be two things; and (3) the claimed method allegedly requires receiving I/O traffic and first data by different paths through different interfaces, but Plaintiff allegedly fails to identify these pathways and interfaces.

In further support of the allegation of infringement, Plaintiffs attach a new claim chart for claim 13 of the '092 Patent as Exhibit 1.[16] Although not required at the pleading stage, this claim chart shows that each element of claim 13 is met. It is noted that the claim chart uses figures from the same website as used in the claim charts attached to the Original Complaint.

### 1.     Amazon's Accused Device

Defendant argues that the claim charts provided in the Complaint depict multiple systems – including on-premises devices at Amazon's customers and devices within Amazon's cloud-based services that obfuscate who or what performs the claimed steps.[17] Defendant argues that because the claim charts show multiple systems that Plaintiff has failed to identify the specific devices and software that meet the claim limitations, it is unclear who or what Plaintiff contends performs the claimed steps- devices on-premises at a private data center, devices within the cloud, or some combination.

---

[15] Doc. No. 1-1.
[16] Exhibit 1.
[17] Doc. No. 10, pages 11-12.

However, the Amazon Storage Gateway together with various equipment, services, components, and/or software utilized in providing the Amazon Storage Gateway collectively include a data sharing using distributed cache in a network of heterogeneous computers method as described by claim 13 of the '092 Patent. (See Exhibit 1). The Amazon Storage Gateway is made available by a system owned and/or operated by Amazon. Thus, the Amazon Storage Gateway is linked to Amazon's AWS Direct Connect.  Amazon infringes the claims of the '092 Patent.

### 2. Plaintiff's Claim Chart is not Contradictory

Defendant alleges that Plaintiff contradicts itself by alleging two different structures as the same claimed "dedicated I/0 channel" in different parts of the claim (AWS Direct Connect and the Read/write request from the NFS client to gateway communicated over NFS). However, as explained in the attached claim chart (Exhibit 1), the AWS Direct Connect may be the dedicated I/O channel at a first interface.  According to claim 13, for performing one or more access operations at the storage device based on the I/O traffic, a communication path distinct from the dedicated I/O channel is used. For example, the read/write request from the NFS client to the file gateway can be communicated over NFS.  This is a communication that is distinct from the dedicated I/O channel. Thus, the claim chart shows how Defendant performed each and every limitation of claim 13.

### 3. Claim Features are Identified in the Claim Charts

Defendant alleges that by not identifying an alleged "first interface," "network," or "second interface," Plaintiff has not stated a plausible claim for relief. However, the claim chart in Exhibit 1 specifically identifies each of these features, along with other features of the claim being infringed by Amazon.

### B.     The '988 Patent

Defendant alleges that Plaintiff has not stated a plausible claim for relief because (1) it is allegedly unclear what Plaintiff alleges to be the accused device; (2) Plaintiff allegedly failed to identify the alleged hardware that comprises the "I/O channel adapter"; and (3) Plaintiff fails to identify any software that allegedly comprises the claimed "configuration manager software" or "back-end software."

Defendant's Motion as to the '988 patent should be denied.

#### 1.     Amazon's Accused Device

AWS Storage Gateway Hardware Appliance is at least one of Amazon's devices that infringes the '988 Patent. The attached claim chart[18] of claim 1 of the '988 patent identifies every feature of claim 1 being infringed. See Exhibit 2.

#### 2.     Hardware that Comprises the I/O Channel Adapter

The attached claim chart of claim 1 of the '988 patent, explains, with reference to diagram's shown on Amazon's websites, that the AWS Storage Gateway Hardware Appliance contains AWS Direct Connect, an I/O channel adapter for accepting an incoming I/O from an on-premises host. AWS Direct Connect has I/O capability and runs on hardware.

#### 3.     Software that Comprises the Configuration Manager Software and Back-End Software

The attached claim chart of claim 1 of the '988 patent[19], shows that the AWS Storage Gateway Hardware Appliance comes with pre-loaded AWS Storage Gate software that contains read and write functionality (cache manager software) and shows that the gateway mechanisms

---

[18] Exhibit 2.
[19] Exhibit 2.

are designed to maximize read and write performance without communication over AWS Direct Connect.

## V.  LEAVE TO AMEND

In the event the Court finds that the Complaint fails to plead a plausible claim of patent infringement, leave to amend the Complaint is requested.

## VI.  CONCLUSION

For the foregoing reasons, LS Cloud respectfully requests that the Court deny Amazon's Motion to Dismiss.

Dated: June 30, 2022                             Respectfully Submitted

**Ramey LLP**

/s/William P. Ramey III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Fare Technologies LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of June 30, 2022, with a copy of the foregoing via ECF.

/s/ William P. Ramey III
William P. Ramey, III