**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| LS CLOUD STORAGE TECHNOLOGIES, LLC,<br><br>　　Plaintiff,<br>v.<br><br>AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND AMAZON.COM SERVICES, INC.<br><br>　　Defendants. | Case No. 6:22-cv-00316-ADA-DTG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

## TABLE OF CONTENTS

I. Introduction ................................................................................................................ 1

II. Argument .................................................................................................................... 1

    A. Plaintiff's reliance on new "updated" charts is a tacit concession that the original pleadings were insufficient .................................................................. 1

    B. Plaintiff's new claim charts fail to sufficiently plead infringement ................. 2

        1. Exhibit 2 fails to sufficiently plead infringement of the '988 patent ........... 2

        2. Exhibit 1 fails to sufficiently plead infringement of the '092 patent ........... 4

    C. Leave to amend the complaint would be futile and the complaint should be dismissed with prejudice ................................................................................. 8

III. Conclusion ................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Becton, Dickinson and Co. v. Tyco Healthcare Group*,
   616 F.3d 1249 (Fed. Cir. 2010)..................................................................................................4

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ....................................................................................................9

*Grecia Estate Holdings v. Meta Platforms, Inc.*,
   No. 6:21-CV-00677, 2022 WL 2019296 (W.D. Tex. June 6, 2022)
   (Albright, J.).................................................................................................................8, 9, 10

*St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*,
   937 F.2d 274 (5th Cir. 1991), *cert. denied*, 502 U.S. 1030 (1992)............................................2

**Other Authorities**

Fed. R. Civ. P. 12(d) ...................................................................................................................1, 2

# NOTE ON EMPHASIS

All emphasis in the brief is added unless otherwise noted.

**I.       INTRODUCTION**

Plaintiff ignores what was pled in its complaint and associated claim charts to argue instead that new "updated" claim charts—attached for the first time as Exhibits 1 and 2 to its response—reflect plausible claims of patent infringement that overcome Defendants' motion. ECF No. 13 ("Resp.") at 2-3. But Plaintiff's attempted reliance on materials *outside* the pleadings is not only an improper response to a Rule 12 motion, *see* Fed. R. Civ. P. 12(d), it is a tacit admission that Defendants' motion is correct: the *complaint*, even with its referenced charts, fails to allege sufficient facts to state a plausible claim. The complaint should be dismissed for that reason alone.

Plaintiff's new claim charts—if considered—not only fail to reflect a plausible claim, they demonstrate that amendment is futile. Despite contending that these charts "even further explain how the claims are being infringed," Resp. at 2, the new charts are incomplete and less detailed. The new charts sidestep issues raised in Defendants' motion, contradict allegations in Plaintiff's complaint, and for many limitations merely repeat the claim language rather than allege facts. Thus, even if Plaintiff's response and new charts were considered as a request for leave to amend the complaint, the new charts show that Plaintiff's best effort to "even further explain" its allegations still fails the *Iqbal/Twombly* threshold. Amending the complaint would therefore be futile, and the Court should dismiss Plaintiff's claims with prejudice.

**II.      ARGUMENT**

    **A.      Plaintiff's reliance on new "updated" charts is a tacit concession that the original pleadings were insufficient**

Defendants' motion detailed why the deficiencies in Plaintiff's complaint and incorporated charts fail to state a plausible claim, *see* ECF No. 10 ("Mot."), yet rather than defend the sufficiency of its pleadings, Plaintiff relies on new "updated" claim charts that it attaches as Exhibits 1 and 2. *See, e.g.,* Resp. at 2, 5 (referencing the complaint and incorporated charts without

1

substantive discussion); *id.* at 5-7 (relying on the content of new claim charts attached as Exhibits 1 and 2 as purportedly sufficient allegations of infringement). Plaintiff's response therefore fails because a Rule 12 motion is considered on the pleadings, not materials outside the pleadings. *E.g., St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991), *cert. denied*, 502 U.S. 1030 (1992); *see also* Fed. R. Civ. P. 12(d). But Plaintiff's response also demonstrates the deficiency of Plaintiff's complaint by needing to rely on *new* charts to "further explain how the claims are being infringed," Resp. at 2, to "show[] that each element of claim 13 is met," *id.* at 5, and to "identif[y] every feature of claim 1 being infringed," *id.* at 7, rather than on *any* allegation in the original pleading or its incorporated charts. Thus, Plaintiff's reliance on new charts is a tacit admission that the complaint as currently pled, even with its incorporated charts, fails to allege sufficient facts to state a plausible claim for relief. The Court should therefore dismiss the complaint for that reason alone.

      **B.    Plaintiff's new claim charts fail to sufficiently plead infringement**

Plaintiff's new claim charts are not properly considered for a Rule 12 motion, *see* Part II.A., *supra*, and it is unclear whether Plaintiff intends for them to replace or supplement its prior charts. But even if considered, these new charts, alone or in combination with the prior charts, still fail to allege sufficient facts to state a plausible claim for patent infringement because they do not address issues raised in Defendants' motion, contradict allegations in Plaintiff's complaint, and parrot claim language rather than allege facts, as explained below.

              **1.    Exhibit 2 fails to sufficiently plead infringement of the '988 patent**

Plaintiff contends that the motion should be denied as to the '988 patent because new Exhibit 2 "identifies every feature of claim 1 being infringed," Resp. at 7-8, but the new claim chart does not. ***First***, although Plaintiff now makes clear that the accused product is the AWS

2

Storage Gateway Hardware Appliance to resolve the deficiency identified in Defendants' motion, *see* Mot. at 5-6, it parrots the claim language of some limitations rather than allege specific facts related to that device that allegedly meet the limitation. *See, e.g.*, Resp. Ex. 2 at 9 (contending that the AWS Storage Gateway Hardware Appliance meets the "network adapter" limitation by repeating the claim language); *id.* at 10 (same for the "cache memory" limitation). Thus, Plaintiff's new chart still fails to identify components within the accused Storage Gateway Hardware Appliance that are alleged to meet many of the claim's limitations.

**Second**, Plaintiff still fails to sufficiently identify an "I/O channel *adapter*." As Defendants previously explained, Plaintiff alleges that AWS Direct Connect is an I/O *channel* but does not identify hardware that allegedly comprises an I/O channel *adapter,* a failure compounded by other limitations that involve that same element, such as the negative limitation that requires "back-end software . . . for handling reads and writes to disks corresponding to the I/O requests *but without communication over the I/O channel adapter*." *See* Mot. at 6-7. Although Plaintiff's new chart now alleges that the AWS Storage Gateway Hardware Appliance "contains AWS Direct Connect, an I/O channel adapter," Resp. Ex. 2 at 4, that allegation is contradicted by Plaintiff's other allegations, which acknowledge that AWS Direct Connect refers to a connection between devices, not a hardware adapter *contained within* the accused device. For example, the same section alleges that AWS Direct Connect "runs on hardware that client organizations can directly connect to" and highlights language referring to AWS Direct Connect as a "cloud service," *id.* 4, 6, and Plaintiff's other new chart alleges that "AWS Storage Gateway can receive I/O traffic from an on-premises host device via AWS Direct Connect *as a dedicated I/O channel,*" *id.* Ex. 1 at 1. The complaint's chart likewise alleges that AWS Direct Connect is an "I/O channel," and a "cloud service." Compl. Ex. B at 3-4; *see also* Resp. Ex. 2 at 6. Thus, Plaintiff does not plausibly identify the hardware

3

within the AWS Storage Gateway Hardware Appliance that allegedly constitutes an "I/O channel adapter" despite a negative limitation that specifically prohibits back-end software from communicating over that hardware to handle reads and writes to discs.

*Finally*, Plaintiff still fails to identify an alleged "configuration manager software" or "back-end software" despite a heading and chart purporting to do so. *See* Resp. at 7; *id.* Ex. 2 at 7-9, 11. Instead Plaintiff contends broadly that the same "pre-loaded AWS Storage Gate [sic] software" on the accused device meets the respective limitations for each while highlighting language that refers to functionality for managing the read/write operations for the local cache. *See id.* Ex. 2 at 7-9, 11. But Plaintiff already alleges the same cache management operation as the claimed "cache manager software." *Id.* at 10 (alleging read and write operations of the cache as the "cache manager software"); *see also* Compl. Ex. B at 9 (same). Plaintiff cannot plausibly allege that the claim's three separately identified software elements are met by the *same* software performing the *same* operations. *Becton, Dickinson and Co. v. Tyco Healthcare Group*, 616 F.3d 1249, 1255 (Fed. Cir. 2010) ("Where a claim lists elements separately, 'the clear implication of the claim language' is that those elements are 'distinct component[s]' of the patented invention." (citation omitted)). Moreover, as discussed above, the "back-end software" must handle reads and writes to disks "without communication over the I/O channel adapter," a separation critical to the alleged invention, yet Plaintiff still does not identify how that negative limitation is met. Thus, Plaintiff has not stated a plausible claim for relief.

### 2. Exhibit 1 fails to sufficiently plead infringement of the '092 patent

Plaintiff contends that the motion should be denied as to the '092 patent because new Exhibit 1 "shows that each element of claim 13 is met," Resp. at 5, but the new claim chart still fails the pleading standard. **First**, Plaintiff purports to clarify that the accused product is "Amazon

4

Storage Gateway together with various equipment, services, components, and/or software utilized in providing the Amazon Storage Gateway," with citation to Exhibit 1. Resp. at 6. But Exhibit 1's allegations remain just as vague as those in the complaint's Exhibit A, except that the new allegations now omit many of the diagrams and website excerpts that were used in the original charts. *E.g.*, c*ompare* Resp. Ex. 1 at 4 *with* Compl. Ex. A at 5 (omitting diagrams, excerpts from Amazon's website, and related web address links). Because, as Plaintiff does not dispute, the accused aspects of Amazon Storage Gateway includes both on-premises devices at Amazon's customers *and* devices within Amazon's cloud-based services, it remains unclear from Plaintiff's allegations who or what is alleged to perform each claimed step—devices on-premises at a private data center, devices within the cloud, or some combination.

**Second**, despite Plaintiff's contention that its allegations are not in conflict, *see* Resp. 6, the new chart, much like the complaint's chart, makes contradictory allegations about what purportedly constitutes the claimed "dedicated I/O channel" and how the "communication path between a processor and the storage device" is "*distinct* from the dedicated I/O channel." '092 patent, claim 13. In the complaint's chart, Plaintiff first alleges the "dedicated I/O channel" is AWS Direct Connect, Compl. Ex. A at 2, but then later alleges that the dedicated I/O channel is "[t]he Read/write request from the NFS client to gateway communicated over NFS (I/O Channel)," *id.* at 9-10. *See* Mot. at 10. The new chart appears to maintain that same contradiction by again alleging first that the "dedicated I/O channel" is AWS Direct Connect, Resp. Ex. 1 at 1, and then later repeating the complaint chart's allegation about communication over NFS but without the parenthetical, *id.* at 5 ("The read/write request from the NFS client to the file gateway can be communicated over NFS."). It further alleges that the NFS client can be "linked" to AWS Direct Connect by referencing a website location, which is excerpted below:

5



*See* Decl. of Brian C. Nash, Ex. A (excerpt of website referenced at Plaintiff's Resp. Ex. 1 at 5). But to the extent Plaintiff contends there is no contradiction because the NFS communication path and AWS Direct Connect are the same when "linked," then the alleged communication path and dedicated I/O channel are *not* distinct as the limitation requires.

***Finally***, the claimed method requires receiving I/O traffic and first data by different paths through different interfaces—a separation of input pathways critical to the invention, *see* Mot. at 10-11—yet Plaintiff's new chart still fails to sufficiently specify two input pathways that maintain that required separation. Plaintiff argues the "dedicated I/O channel" is AWS Direct Connect and that "the connection between AWS Storage Gateway and AWS Direct Connect" is a "first interface." Resp. Ex. 1 at 1-2. Plaintiff then argues that AWS Storage Gateway "using, the Amazon S3 File Gateway configuration, can receive data through a network and the connection between them comprises the second interface." *Id.* at 4. But as Plaintiff's own chart alleges, Amazon S3 is an AWS resource *that is connected through AWS Direct Connect*:

6



*Id.* at 3.



*Id.* at 1-2 (red arrow added to indicate path). Thus, Plaintiff does *not* identify separate paths and interfaces for "I/O traffic" versus "first data," but rather identifies the same path: AWS Direct Connect. Plaintiff therefore does not allege a plausible claim for infringement of the '092 patent.

7

### C. Leave to amend the complaint would be futile and the complaint should be dismissed with prejudice

Plaintiff's complaint should be dismissed with prejudice because permitting an amended pleading would be futile. Plaintiff's first attempt to meet the pleading standard failed. *See generally* Mot. Rather than defend the sufficiency of those pleadings, Plaintiff's response included new charts intended to "further explain" its allegations, *see* Resp. at 2, but those new charts fail as well. *See* Part II.B., *supra*. Plaintiff has also not served the infringement contentions that were due weeks ago.[1] Thus, Plaintiff has had *multiple* opportunities to sufficiently articulate an infringement allegation but has failed to do so. Allowing Plaintiff another attempt would not produce a different result, and the complaint should be dismissed with prejudice.

This Court has dismissed claims with prejudice when faced with similar failings. For example, in *Grecia Estate Holdings v. Meta Platforms, Inc.*, No. 6:21-CV-00677, 2022 WL 2019296 (W.D. Tex. June 6, 2022) (Albright, J.), the defendant moved to dismiss because (i) the plaintiff's allegation that a claimed "correspondence" between two claim elements was contradicted by the plaintiff's own assertion in another forum, *id.* at *5-6, and (ii) the plaintiff failed to advance allegations for *all* claim limitations, *see id.* at *5, 7. This Court granted that motion on both grounds despite the plaintiff's included claim charts and over plaintiff's argument that it was not required to plead direct infringement with detail at the pleading stage. *Id.* at *6-7. As this Court explained, "[t]he detail required to plead direct infringement adequately depends on 'the complexity of the technology, the materiality of any given element to practicing the asserted claims(s), and the nature of the alleged infringing device." *Id.* at 7 (quoting *Bot M8 LLC v. Sony*

---

[1] According to the Court's Standing Order Governing Proceedings 4.1 and the Case Readiness Status Report (ECF No. 6), the Case Management Conference was deemed to occur on July 7, 2022, and the infringement contentions were due on June 30, 2022.

*Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)). Because the technology was at least as complicated as those in *Bot M8* and the plaintiff alleged infringing processes general enough to apply to a broad range of technologies, the "allegations amount to blanket assertions of infringement insufficient to put [the defendant] on notice of [the plaintiff's] general infringement, much less a particular one." *Id.* Moreover, when pressed to identify aspects of the accused instrumentality that corresponded to certain limitations, the plaintiff merely parroted claim language without explanation. *Id.* Thus, the Court granted the motion and dismissed the claims with prejudice.

Here, as in *Grecia*, Plaintiff's allegations amount to blanket assertions of infringement that fail to put Defendants on notice of Plaintiff's general infringement theory, much less a particular one. Plaintiff broadly alleges that AWS Storage Gateway Appliance infringes the '988 patent and that AWS Storage Gateway, "together with various equipment, services, components, and/or software utilized in providing the Amazon Storage Gateway," infringes the '092 patent. Despite including claim charts for each patent, Plaintiff's assertions are vague and accompanied by diagrams that depict *multiple* systems—including on-premises devices at Amazon's customers *and* devices within Amazon's cloud-based services—that obfuscate who or what Plaintiff contends meets certain limitations. And that is also true for limitations critical to the purported invention, such as the *separate* data pathways required by both patents. *See, e.g.,* '988 patent, claim 13 ("back-end software . . . for handling reads and writes to disks corresponding to the I/O requests *but without communication over the I/O channel adapter*, thereby separating disk operations from network and I/O traffic"); '092 patent ("performing one or more access operations . . . utilizing a communication path between a processor and the storage device, the communication path *distinct from the dedicated I/O channel*"); *see also* Mot. at 6-7, 10-11 (discussing same). The technology

9

here is no less complicated than the video-game algorithms in *Bot M8* or the membership verification tokens and branded encrypted metadata of digital rights management schemes in *Grecia*. Because Plaintiff has had multiple opportunities to correct these failings and failed to do so, the Court, as it did in *Grecia*, should dismiss these claims with prejudice.

### III.  CONCLUSION

For the reasons set forth above and those in the motion, Defendants respectfully request that the Court dismiss the Complaint with prejudice.

DATED:    July 14, 2022

/s/ *Brian C. Nash*
Brian C. Nash
TX Bar No. 24051103
Austin M. Schnell
TX Bar No. 24095985
MORRISON & FOERSTER LLP
701 Brazos Street, Suite 1100
Austin, TX 78701
Tel: (737) 309-0700
BNash@mofo.com
ASchnell@mofo.com

Karl Johnston (*pro hac vice*)
CA Bar No. 327446
Tara Srinivasan (*pro hac vice*)
CA Bar No. 341484
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
KarlJohnston@mofo.com
TSrinivasan@mofo.com

Aaron Bray (*pro hac vice* to be filed)
CA Bar No. 327771
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5600
abray@mofo.com

**Counsel for Amazons Amazon.com, Inc., Amazon Web Services, Inc. and Amazon.com Services, Inc.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 14, 2022.

*/s/ Brian C. Nash*
Brian C. Nash
